UNITED STATES DISTRICT COURT
NORTHERN DISTRICT—EASTERN DIVISION OF ILLINOIS

| | |
|---|---|
| ALEXANDRIA CONTINI<br>Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| GEORGE POULAKIDAS,<br>RED FOX, INC. d/b/a END ZONE<br>BAR & GRILL,<br>Defendant. | )<br>)<br>)<br>) |

## COMPLAINT AT LAW

Now comes the Plaintiff Alexandria Contini, by her attorney Dan Walker of the Dan Walker Law Office and for her Complaint at Law states as follows:

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), as amended by Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex undertaken by Defendants, and to provide appropriate relief to Plaintiff Alexandria Contini.

2. Sexual harassment is a form of sex discrimination that violates Title VII. Unwelcome sexual advances and other verbal or physical conduct of a sexual nature constitute sexual harassment to the extent it affects an individual's employment, unreasonably interferes with an individual's work performance, or creates an intimidating, hostile, or offensive work environment. This action seeks to provide appropriate relief to Plaintiff Alexandria Contini on this basis.

3. Title VII also bars retaliation against employees who seek to correct unlawful employment practices on the basis of sex undertaken by Defendants. This action seeks to provide appropriate relief to Plaintiff Alexandria Contini on this basis.

1

4. As alleged with greater particularity below, Defendants engaged in unlawful employment discrimination against Plaintiffs on the basis of their sex, and/or harassed and/or tolerated sexual harassment against them, and/or retaliated against them under Title VII.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 133 pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

6. Plaintiff Alexandria Contini has complied with all jurisdictional prerequisites and conditions precedent to action under Title VII of the Civil Rights Act of 1964, by timely filing a charge of discrimination with the EEOC on May 7, 2020. See Exhibit A.

7. Plaintiffs received notices of right to sue on July 13, 2020 .See Exhibit B

8. This Court has supplemental jurisdiction over any other claims Plaintiff could make pursuant to 28 U.S.C. §1367 because they would form part of the same case or controversy as the aforementioned claims.

9. Venue in this judicial district is proper, by virtue of 28 U.S.C. §1391, as Plaintiffs worked for Defendants in Aurora, IL which is in the Eastern District of Illinois, and Defendants live and/or do business in the Eastern District of Illinois.

## PARTIES

10. Plaintiff Alexandria Contini is an adult female citizen of the State of Illinois and resides in Aurora, IL.

11. Defendant George Poulakidas is an adult male citizen of the State of Illinois. He is the owner and operator of the Defendant Red Fox, Inc. d/b/a End Zone Bar & Grill (hereafter Defendant "Bar"). Defendant Bar is located in and has its principal place of business at 1650 N. Farnsworth Ave., Aurora, IL 60505. It is licensed to serve alcohol.

## FACTS

12. Plaintiff Contini was employed by Defendants as a bartender and she began her employment on or about November 20, 2019. She worked for Defendants until January 26, 2020 when she was constructively discharged due to the uncontrolled sexual harassment she encountered while employed by Defendants.

13. Over the course of her employment with Defendants Plaintiff encountered sexual harassment on a regular and ongoing basis.

14. The sexual harassment of Plaintiff Contini consisted of one or more of the following actions by an employee of Defendant named Walter Ellis (hereafter "WE") over the period of time that Plaintiff Contini was employed by Defendants.

15. The sexual harassment of Plaintiff Contini consisted of WE consistently doing and/or saying the following:

    a. WE would block her movement and say to Plaintiff " I would like to get some of that" while looking at her body;

    b. WE would ask her if she was single or had a boyfriend and if she would like to date him;

    c. WE would ask her to come home with her so he could show her a good time;

    d. WE would state to Plaintiff that if did not matter if she had a boyfriend because he could not do to her what he could;

e. WE would often leer at Plaintiff;

f. WE would tell Plaintiff how beautiful she was, how good she looked and then tell her that he dreams about her;

g. WE would ask Plaintiff if she wanted to go have some fun with him;

h. WE would often touch Plaintiff on her back, arms, and legs and when he did so would often say "dam baby, can I take you home;"

16. Plaintiff Contini would, when harassed by WE, tell him to stop harassing her and to leave her alone.

17. When WE failed and refused to cease and desist from his sexual harassment, Plaintiff on numerous occasions met with and complained to his supervisor Defendant Poulakidas, the owner, manager, and operator of the Defendant End Zone Bar & Grill.

18. On each occasion that Plaintiff met with the Defendant Poulakidas she advised him of the sexual harassment and unwanted sexual advances by WE, and demanded that he tell WE to cease and desist from his unwanted sexual harassment and sexual advances. On each such occasion, Defendant Poulakidas told her he would do so.

19. Despite Defendant Poulakidas assurances that he would do so, he never did talk to WE and demand that he cease and desist from his conduct towards Plaintiff.

20. As a direct result of the sexual harassment and the failure of Defendants to take any action to stop the harassment and advances, Plaintiff Contini was forced to resign her position with Defendants.

## COUNT I – SEX DISCRIMINATION AND SEXUAL HARASSMENT

21. Plaintiff Contini realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

22. Defendants unlawfully discriminated against Plaintiff Contini on the basis of her sex when Defendants tolerated WE's sexual harassment of Plaintiff Contini and/or failed or refused to timely and adequately investigate her internal complaint of sexual harassment, and/or failed or refused to timely and adequately address Defendants' sexual harassment, and/or failed or refused to timely and adequately protect Plaintiff Contini from sexual harassment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

23.. Defendants unlawfully discriminated against Plaintiff Contini on the basis of her sex when they made decisions about Plaintiff Contini's employment, including the decision to constructively terminate her employment, for reasons related to her sex, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

24. As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff Contini has suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs, and other damages that she will establish at trial.

## COUNT II – HOSTILE WORK ENVIRONMENT

25. Plaintiff Contini realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

26. Defendants unlawfully discriminated against Plaintiff Contini on the basis of her sex when Defendants engaged in a pattern of unwelcome sexual advances and/or other verbal or

physical conduct of a sexual nature that unreasonably interfered with Plaintiff Contini's work performance and/or created an intimidating, hostile, or offensive work environment, in reckless disregard of her federally-protected rights under Title VII of the Civil Rights Act of 1964 as amended.

27. As a result of Defendants' intentional discrimination and/or sexual harassment, Plaintiff Contini suffered damages in the form of back pay, lost earnings, mental anguish, loss of enjoyment of life, medical expenses, attorney's fees and costs and other damages the she will establish at trial.

### COUNT III—PUNITIVE DAMAGES

28. Plaintiff Contini realleges and incorporates by reference the above paragraphs as if they were fully set forth herein.

29.. Defendants ignored the long pattern of sexual harassment to which Defendants subjected Plaintiff Contini. Defendants did nothing to address Plaintiff Contini's complaints of sexual harassment and expressly told her to ignore Walter.

30. Plaintiff Contini tried to resolve the present case extrajudicially, but Defendants ignored these demands.

31.. Plaintiff Contini is entitled to punitive damages because Defendants were reckless and malicious in discriminating, and harassing against Plaintiff; tolerating the discrimination, and harassment and/or ignoring Plaintiff's attempts to resolve the sexual harassment.

### RELIEF

**WHEREFORE,** Plaintiff Alexandria Contini respectfully requests that this Court

:a. Enter a judgment that Defendants violated Title VII of the Civil Rights Act of 1964, as amended;

b. Enter judgment against Defendants and in favor of Plaintiff Alexandria Contini for compensatory damages;

c. Enter judgment against Defendants and in favor of Plaintiff Alexandria Contini for monetary relief;

d. Enter judgment against Defendants and in favor of Plaintiff Alexandra Contini for punitive damages;

e. Enter Judgment for such other relief as this court finds just and reasonable.

Respectfully Submitted,

Dan Walker

Dan Walker
Attorney No. 2921839
Attorney for Alexandria Contini
211 W. Chicago Ave. #109
Hinsdale, IL 60521
630.920.8800
dan@danlawpc.com